[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13784
Non-Argument Calendar
_____

Agency No. A087-900-374

LIN QIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 14, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lin Qiang, a native and citizen of the Lianjiang County in the Fujian Province of China, seeks review of a final order from the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for asylum under Immigration and Nationality Act (INA) § 208(a), 8 U.S.C. § 1158(a); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).  Lin asserted two claims in support of his asylum and withholding of removal application: (1) he suffered past persecution on account of his resistance to China's coercive population control policy; and (2) he has a well-founded fear of future persecution due to his Christian beliefs.

The IJ found that Lin failed to sustain his burden of proof as to the past persecution claim based on implausibilities in Lin's testimony and Lin's failure to provide sufficient corroborating evidence.  As to the future persecution claim, the IJ found that Lin's fear of future persecution was not objectively reasonable because the record indicated that Christians could freely practice their religion in at least some areas of China, and Lin failed to provide evidence showing that he would be singled out for persecution based on his religious beliefs.  The BIA affirmed the IJ's decision.

On appeal, Lin argues that the IJ and BIA erred in several respects.  First, he suggests that the IJ's finding that parts of Lin's testimony were implausible is at odds with the finding that his testimony was credible.  He also suggests that the IJ and BIA erred by relying on these contradictory findings when deciding that Lin failed to meet his burden of proof.  Second, Lin argues that the IJ and BIA erred in determining that that Lin failed to sufficiently corroborate his testimony.  Specifically, the IJ and BIA erred by discrediting letters from Lin's mother and girlfriend and by faulting Lin for failing to provide documents related to his detention, injuries, and girlfriend's pregnancy and abortion.[1]  Third, Lin challenges the determination that he failed to show that his fear of future persecution was objectively reasonable.

We review the decisions of both the BIA and IJ to the extent that the BIA expressly adopted an IJ's decision.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).  Here, the BIA explicitly agreed with several findings of the IJ, and thus, we review both decisions as to those issues.  *Id.* at 948.  The determination that a petitioner is "statutorily ineligible for asylum or withholding" is reviewed under the substantial evidence test.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001).  Under this test, we must affirm the BIA's decision so

---

[1] Lin also argues that the agency violated his due process rights by failing to give him notice that he would be required to provide corroborating documents.  However, we do not have jurisdiction to address this claim because Lin failed to raise it before the BIA.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).

3

long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284 (internal quotation marks omitted). The mere fact that the record may support a contrary conclusion is not enough to justify reversal. *Ayala*, 605 F.3d at 948. Rather, we reverse a finding of fact "only when the record compels a reversal." *Id.*

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(l). To establish refugee status, an applicant must show, "with specific and credible evidence" (1) past persecution or a well-founded fear of future persecution, and (2) a nexus to a statutorily protected ground such as race, religion, or political opinion. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198,1202 (11th Cir. 2005). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a); *Al Najjar*, 257 F.3d at 1284.

Although an applicant's credible testimony *may be* sufficient to carry that burden, "[t]he weaker an applicant's testimony[,] the greater the need for corroborative evidence." *Yang*, 418 F.3d at 1201. In cases where an IJ deems corroborative evidence necessary, the applicant must provide such evidence or show that it cannot be reasonably obtained. INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii). We may not reverse the BIA's or IJ's determination that an applicant failed to provide corroborative evidence unless the record compels the conclusion that the evidence was unavailable. 8 U.S.C. § 1252(b)(4).

4

Upon review of the record and in consideration of the parties' briefs, we hold that the BIA properly denied Lin's application for asylum, withholding of removal, and CAT relief. With respect to the BIA and IJ's conclusion that Lin failed to establish past persecution on account of his resistance, neither party disputes the BIA's determination that the lack of an express adverse credibility finding by the IJ rendered Lin's testimony presumptively credible. The BIA agreed, however, that certain aspects of Lin's testimony were implausible. Taken together, these findings merely reflect the conclusion that Lin's testimony, while credible, was still weak.[2]

Substantial evidence supports the BIA's finding that Lin failed to meet his burden. Because Lin's testimony, although credible, was viewed as weak, he was required to provide corroborating evidence. In response, Lin offered two letters—one from his mother and one from his girlfriend. The record supports the finding that these letters were entitled to little deference as they were unauthenticated, unsworn, and remarkably similar.[3] Further, nothing in the record shows that additional corroborative evidence—such as documents related to Lin's post-

_____

[2] Lin asserts that the BIA engaged in independent fact-finding when it noted the implausibility of his testimony that officials are still after him. His assertion is meritless because the record shows that the IJ made that exact finding. Nor did the BIA engage in independent fact-finding when it questioned the first-hand knowledge of the events described in the letters from Lin's mother and girlfriend. Rather, that observation was simply part of its reasoned consideration of the IJ's rejection of the letters.

[3] As Lin notes, it is not at all surprising that letters describing the same series of events would have similar content. However, the substantial similarity in word choice and sentence structure supports the decision to use similarity as one reason for discrediting the letters.

detention medical treatment or his girlfriend's pregnancy and subsequent abortion—was unavailable. Although Lin testified that he did not have these records because he did not think he would ever need them, that explanation did not address why he could not have reasonably obtained them. Thus, as the BIA noted, Lin was still required to provide the documents. *See* 8 U.S.C. § 1252(b)(4).

Substantial evidence also supports the conclusion that Lin failed to show a well-founded fear of future persecution on account on his Christian beliefs or his desire to worship in an underground house church. While Lin's testimony may have established his subjective fear of persecution, he failed to show that his fear was objectively reasonable. As the BIA noted, the State Department country reports show that there are at least 50 million Christians who worship in house churches in China and that treatment of house churches varies greatly from region to region. The reports thus show that a Christian in China might or might not face persecution. The mere possibility of persecution does not render Lin's fear of specific persecution reasonable. Moreover, he did not present any objective evidence showing that he is likely to be in a region where persecution occurs as opposed to an area where he could worship freely. Notwithstanding Lin's claim that local police said they would arrest him for attempting to form a house church, the record supports the IJ and BIA's finding. If Lin's mother, who was accused of conspiring with Lin to start an unsanctioned church, has not been persecuted, there

6

is no reason to believe that Lin would be.  Accordingly, because nothing in the record compels the conclusion that Lin showed either past persecution or a well-founded fear of future persecution on account of a statutorily protected ground, we affirm the BIA's denial of his asylum application.

Finally, because Lin has failed to establish that he is entitled to asylum, he has necessarily failed to prove that he is entitled to withholding of removal or CAT relief.  *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007) (per curiam).

**PETITION DENIED.**